UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>INTELLIGENT DIRECT MARKETING,<br>        Debtor,<br>_____<br>THOMAS ACEITUNO, Chapter 7<br>Trustee,<br>        Plaintiff,<br>    v.<br>TODD VOWELL; RAEANNE VOWELL;<br>BEVERLY VOWELL; STEADFAST<br>MAILING SERVICES, INC.; SASHI<br>CORPORATION; JEFFREY K.<br>GARCIA; and FIDELIS<br>MARKETING, INC.,<br>        Defendants. | Case No.: 2:12-cv-03068 JAM-EFB<br>Related No.: 2:09-cv-02898 JAM-GGH<br>[Bky Case 07-30685-A-7]<br>[Bky AP No. 09-2439]<br><br>**CONCLUSIONS OF LAW AND FINDINGS OF FACT AS TO STEADFAST AND TODD VOWELL** |

On July 28, 2014, Plaintiff Thomas Aceituno, Chapter 7 Trustee, ("Plaintiff" or "Trustee") moved for judgment against Steadfast Mailing Services, Inc. ("Steadfast") and Todd Vowell ("Mr. Vowell") (Doc. #77) pursuant to Federal Rule of Civil Procedure 54.  A bench trial was held from June 23, 2014, to

1

June 27, 2014.  For the reasons set forth below and upon review of the FAC, undisputed facts, testimony, exhibits, briefing, and all arguments made, the Court now enters its Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a) as to Steadfast and Mr. Vowell.

## I.   FINDINGS OF FACT

1.   All findings of fact in the Court's Findings of Fact and Conclusions of Law as to the Vowells, Mr. Garcia, and Fidelis are incorporated herein.

2.   Steadfast is a suspended corporation not represented by counsel.  Undisputed Facts ("UF"), Amended Pretrial Conference Order, Doc. #44, ¶ 1.

3.   Steadfast was a commercial printing company and did the printing and mailing for Intelligent Direct Marketing, Inc. ("IDM").  Mr. Vowell's Testimony.

4.   Mr. Vowell is the sole director of both IDM and Steadfast.  Mr. Vowell's Testimony.

5.   On May 16, 2007, IDM transferred $100,000 to Steadfast. IDM Bank Statement, Ex. 103, at 23 of 494.

6.   At the time of the transfer, IDM owed Steadfast money. Mr. Vowell's Testimony.

## II.   OPINION

The Trustee moves for judgment against Steadfast and Mr. Vowell to avoid and recover the $100,000 transfer as a constructive fraudulent transfer under 11 U.S.C. § 548 and state law and as an avoidable preference pursuant to 11 U.S.C. § 547.

2

1   The Trustee also argues that he can recover from Steadfast and
2   Mr. Vowell under 11 U.S.C. § 500 and because Steadfast was the
3   alter ego of Mr. Vowell for the purposes of the $100,000
4   transfer.
5        A.   Fraudulent Conveyance
6        To prove a claim for constructive fraudulent conveyance
7   under 11 U.S.C. § 548(a)(1)(B), a plaintiff must show that
8   (1) the transfer involved property of the debtor; (2) the
9   transfer was made within two years of the filing of the
10  bankruptcy petition; (3) the debtor did not receive reasonably
11  equivalent value in exchange for the property transferred; and
12  (4)(a) the debtor was insolvent at the time of the transfer or
13  was made insolvent by the transfer or (b) the transfer was to an
14  insider under an employment contract and not in the ordinary
15  course of business.  11 U.S.C. § 548(a)(1)(B); see also In re
16  United Energy Corp., 944 F.2d 589, 594 (9th Cir. 1991) (stating
17  elements of a claim for fraudulent transfer under § 548).
18      IDM transferred $100,000 in 2007, within two years of filing
19  the bankruptcy petition.  Mr. Vowell testified that IDM owed
20  Steadfast money at the time.  The Trustee argues that there is no
21  evidence or documentation that IDM received reasonably equivalent
22  consideration for the transfer.  Nevertheless, the Court finds
23  Mr. Vowell's testimony that IDM owed Steadfast money credible.
24  Based on these facts, the Court finds that there was adequate
25  consideration because the transfer was to repay past debt.
26       Accordingly, the transfer was not a constructively
27  fraudulent transfer. In addition, the transfer is not a
28  fraudulent conveyance under state law.  See Screen Capital Int'l

Corp. v. Library Asset Acquisition Co., Ltd., 510 B.R. 248, 257 (C.D. Cal. 2014) ("The federal fraudulent transfer provisions are 'similar in form and substance' to California's fraudulent conveyance statutes . . . .") (citation omitted).

B. Avoidable Preference

The Bankruptcy Code permits trustees to recover "preferential transfers," or "preferences," made between the debtor and its creditors before the debtor filed a bankruptcy petition under 11 U.S.C. § 547. In re Schuman, 81 B.R. 583, 585 (9th Cir. BAP 1987). "That section is designed to prohibit insolvent debtors, on the eve of filing for bankruptcy, from paying off their debts held by 'preferred' creditors—those creditors whom the soon-to-be bankrupts wish to favor." In re Taylor, 599 F.3d 880, 888 (9th Cir. 2010). Pursuant to 11 U.S.C. § 547(b):

> The trustee may avoid any transfer of an interest of the debtor in property—
>
>   (1) to or for the benefit of a creditor;
>
>   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
>   (3) made while the debtor was insolvent;
>
>   (4) made—
>
>     (A) on or within 90 days before the date of the filing of the petition; or
>
>     (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
>   (5) that enables such creditor to receive more than such creditor would receive if—
>
>     (A) the case were a case under chapter 7 of this

4

|   |   |
|---|---|
| 1 | title; |
| 2 | (B) the transfer had not been made; and |
| 3 | (C) such creditor received payment of such debt to |
| 4 | the extent provided by the provisions of this title. |

11 U.S.C. § 547(b). Therefore, under this section, a preference must be made within the reach-back period of 90 days or 1 year when the creditor is deemed to be an "insider." In re Schuman, 81 B.R. at 585; 11 U.S.C. § 547(b)(4)(A), (B). Entities related by blood or marriage are deemed insiders. In re Friedman, 126 B.R. 63, 69–70 (9th Cir. BAP 1991). Insiders are also those whose relationship with the debtor "compels the conclusion that the individual or entity has a relationship with the debtor, close enough to gain an advantage attributable simply to affinity rather than to the course of business dealings between the parties." Id. at 70.

First, the transfer was to Steadfast, a creditor. § 547(b)(1). Second, as discussed above, IDM owed money to Steadfast at the time of the transfer. § 547(b)(2). Third, IDM was insolvent in May 2007. § 547(b)(3). Fourth, Steadfast was an insider of IDM because Mr. Vowell created the two corporations and was a director of both, which means the one-year reach back period applies. Therefore, the transfer was made within the applicable period. § 547(b)(4). Fifth and finally, when the transfer was made, IDM was insolvent. Steadfast was entitled to file a claim for the value of the unpaid debt as a creditor in the bankruptcy proceeding but it was not guaranteed to be repaid from the bankrupt estate. As a result of the transfer, Steadfast received more than it would have received had the transfer not

been made. § 547(b)(5).

Accordingly, the Court finds that all the requirements of § 547(b) are met and the transfer is avoidable.

### 1. 11 U.S.C. § 550

Section 550(a)(1) of the Bankruptcy Code authorizes the Trustee to recover from the "initial transferee" or "the entity for whose benefit such transfer was made." 11 U.S.C. § 550 (a)(1). "This phraseology implies a requirement that, in transferring the avoided funds, the debtor must have been motivated by an intent to benefit the individual or entity from whom the trustee seeks to recover. It is not enough that an entity benefit from the transfer; the transfer must have been *made for his benefit*." In re Bullion Reserve of N. Am., 922 F.2d 544, 547 (9th Cir. 1991) (emphasis in original) (quoting Merrill v. Dietz (In re Universal Clearing House Co.), 62 B.R. 118, 128 n. 12 (D. Utah 1986)).

In this case, Mr. Vowell was the sole director and sole shareholder of both IDM and Steadfast. Mr. Vowell transferred the $100,000 knowing that IDM was in a dire situation, and there is no evidence Steadfast needed the money at that point. As a result, any money transferred to Steadfast was for Mr. Vowell's benefit.

### 2. Alter Ego

The Trustee also argues that alter ego is an appropriate alternative basis to recover the $100,000 transfer from Mr. Vowell. However, because the Court finds that Mr. Vowell is subject to 11 U.S.C. § 550(a)(1), the Court need not address alter ego liability.

6

III.   CONCLUSIONS OF LAW

1.   The $100,000 transfer was not a fraudulent transfer under the Bankruptcy Code or California law.

2.   The $100,000 transfer is an avoidable preference.

3.   Mr. Vowell is the entity for whose benefit such transfer was made.

IV.   ORDER

For the reasons set forth above, the Court grants judgment in the amount of $100,000 against Steadfast as transferee, and against Todd Vowell as the entity for whose benefit the transfer was made.

IT IS SO ORDERED.

Dated:   September 18, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE