UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>INTELLIGENT DIRECT MARKETING,<br><br>          Debtor,<br>------------------------------<br>THOMAS ACEITUNO, Chapter 7<br>Trustee<br><br>          Plaintiff,<br><br>     v.<br><br>TODD VOWELL; RAEANNE VOWELL;<br>BEVERLY VOWELL; STEADFAST<br>MAILING SERVICES, INC.; SASHI<br>CORPORATION; JEFFREY K<br>GARCIA; AND FIDELIS<br>MARKETING, INC.,<br><br>          Defendants. | Case No.: 2:12-cv-03068 JAM EFB<br><br>Related No.: 2:09-cv-02898 JAM GGH<br><br>[Bky Case 07-30685-A-7]<br><br>[Bky AP No. 09-2439]<br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO LIQUIDATE AMOUNT OF SUCCESSOR LIABILITY AGAINST FIDELIS AND HOLD JEFFREY GARCIA LIABLE** |

     This matter is before the Court on Plaintiff Thomas

Aceituno's ("Plaintiff" or "Trustee") motion to liquidate damages

(Doc. #92) against Defendant Fidelis Marketing, Inc. ("Defendant

Fidelis") and to hold Defendant Jeffrey Garcia ("Defendant

1

1   Garcia") personally liable.  Defendant Garcia opposes (Doc. #96)

2   Plaintiff's motion, and also filed a special opposition (Doc.

3   #94) disputing the Court's jurisdiction over him.  Defendants

4   Todd and Raeanne Vowell filed a "response" (Doc. #99) to

5   Plaintiff's motion.  Plaintiff replied to both Defendant Garcia

6   (Doc. #100) and the Vowells (Doc. #101).[1]

7

8           I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

9        The parties and the Court, having conducted a four-day bench

10   trial from June 23, 2014 through June 26, 2014, are familiar with

11   the factual and procedural history of this case.  Following

12   trial, the Court made the following factual and legal findings,

13   relevant to Plaintiff's present motion.  Todd Vowell began

14   operating Intelligent Direct Marketing, Inc. ("IDM") as an

15   automotive direct mailing service in 1994, and incorporated IDM

16   in 1997.  Fidelis F & C (Doc. #78) at 3.  After a number of

17   profitable years, IDM began operating at a loss by late 2006 and

18   2007.  Fidelis F & C at 5.  On May 1, 2007, Jeff Garcia created

19   Fidelis, a direct mail marketing company.  Fidelis F & C at 5.

20   IDM granted Fidelis a right to possess IDM's goodwill, income

21   stream, and assets.  Fidelis F & C at 6.  In fact, the only

22   difference between IDM and Fidelis was that Fidelis would not be

23   responsible for IDM's debt.  Fidelis F & C at 5.  Based on these

24   facts, the Court found that "Fidelis is the successor of IDM

25   because Fidelis was created for the purpose of avoiding

26

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for February 11, 2015.

1  liability."  Fidelis F & C at 26.  With regard to Mr. Garcia, the

2  Court noted that "[t]he Trustee also seems to suggest that Mr.

3  Garcia should be held directly liable [on behalf of Fidelis], but

4  he fails to address alter ego liability."  Fidelis F & C at 25.

5  The Court entered judgment against Fidelis, but in favor of Mr.

6  Garcia.  Fidelis F & C at 26.

7

8                          II.   OPINION

9       A.   Judicial Notice

10      Plaintiff requests that the Court take judicial notice of

11  the "proofs of claim" submitted in support of his motion.  Doc.

12  #92.  Based on Plaintiff's representations and the header on each

13  page of the exhibits, these documents appear to be part of the

14  record in the underlying bankruptcy case.  These court documents

15  are public records, and Defendants do not dispute their

16  authenticity.  Accordingly, they are the proper subject of

17  judicial notice, and Plaintiff's request is GRANTED.  However,

18  the Court notes that it may only take judicial notice of the

19  existence of such documents, not the facts contained therein.

20       Similarly, Defendants Todd and Raeanne Vowell request that

21  the Court take judicial notice of the "proof of claim" submitted

22  by the Vowells in the underlying bankruptcy case.  Doc. #99-1.

23  This document is a public record, and Plaintiff does not dispute

24  its authenticity.  Accordingly, it is the proper subject of

25  judicial notice, and the request is GRANTED.  Again, the Court

26  notes that it may only take judicial notice of the existence of

27  the document, not the facts contained therein.

28

1          B.   <u>Discussion</u>

2               1.   <u>Calculation of Damages against Fidelis</u>

3          Plaintiff moves for "an order fixing the total amount of the

4     debts of IDM at $1,053,438.49 for purposes of giving effect to

5     the successor liability of Fidelis Marketing, Inc., for IDM's

6     debts, as declared" in the Court's September 18, 2014 order.

7     Mot. at 1.  Along with his motion, Plaintiff submits a chart

8     summarizing the claims filed in the underlying IDM bankruptcy

9     case, as well as copies of the documentary proof submitted in

10    support of these claims.  <u>See</u> Doc. #92.  Defendant Fidelis does

11    not oppose this portion of Plaintiff's motion, and does not

12    dispute Plaintiff's calculation of IDM's debt, for which Fidelis

13    bears successor liability.  However, Defendants Todd and Raeanne

14    Vowell submit a "response" to Plaintiff's motion, which is

15    discussed below.

16         Under 28 U.S.C. § 2202, the Court may grant "[f]urther

17    necessary or proper relief . . . against any adverse party whose

18    rights have been determined by [a declaratory] judgment."  28

19    U.S.C. § 2202.  On September 18, 2014, the Court ordered that

20    "declaratory judgment be entered against Fidelis declaring it

21    liable for IDM's debt on Plaintiff's successor liability claim."

22    Order at 26.  Accordingly, Plaintiff's request for an order

23    fixing the debt of IDM, for purposes of giving effect to the

24    September 18, 2014 declaratory judgment imposing successor

25    liability on Fidelis, is properly before the Court.

26         In calculating the amount of damages against Fidelis,

27    Plaintiff looks to the claims submitted against IDM in the

28    underlying bankruptcy action, but excludes two categories of

4

claims.  First, Plaintiff excludes any claims arising after May 1, 2007, the date on which Fidelis came into existence as the "new IDM."  Mot. at 4.  Second, Plaintiff excludes any "insider" claims filed by Fidelis, Garcia, Sashi Corporation, Todd Vowell, or Raeanne Vowell.  Mot. at 4.  Plaintiff notes that this calculation is "conservative" because it excludes "doubtful or questionable claims."  Reply to Vowells at 1; Mot. at 4.  Taking the sum of all claims which do not fall into either of the above categories, Plaintiff seeks damages against Fidelis in the amount of $1,053,438.49.  All of the claims included in this calculation are supported by documentary proof, which accompanies Plaintiff's declaration.  Doc. #92.  As noted above, Fidelis does not oppose this calculation.  In light of Plaintiff's conservative approach and the supporting documentation, and in the absence of any opposition by Fidelis, the Court adopts Plaintiff's calculation. Accordingly, the Court finds that the total amount of IDM's debt, for which Fidelis is liable as a successor to IDM, is $1,053,438.49.  As discussed below, the Court makes no determination as to whether or not the "insider" claims or claims arising after May 1, 2007 should ultimately be paid or disallowed during the Trustee's distribution of the bankruptcy estate.

Defendants Todd and Raeanne Vowell argue that Plaintiff is attempting to "summarily invalidate the Vowells' claim."  Vowell Response at 2.  The Vowells express concern that Plaintiff's failure to include their claims in the calculation of damages against Fidelis will ultimately prevent them from prevailing on those claims during bankruptcy proceedings.  Vowell Response at 2.  However, as explained in Plaintiff's reply, this is not the

1   case.  Reply to Vowells at 2.  Plaintiff's current motion merely

2   seeks to fix the total amount of IDM's debt for which Fidelis

3   bears successor liability.  The amount imposed by the Court

4   ($1,053,438.49) will be added to the bankruptcy estate, for

5   eventual distribution by the Trustee.  Prior to distributing the

6   estate, the Trustee will "examine proofs of claims and object to

7   the allowance of any claim that is improper."  11 U.S.C. §

8   704(a)(5).  If the monetary amount of valid claims exceeds the

9   funds held by the Trustee, the estate will be distributed

10  according to the priorities set forth in 11 U.S.C. § 726.

11  Accordingly, the Vowells' concern that this order will invalidate

12  their claims is misplaced: a final determination as to the

13  validity of their claims will not be made until later in the

14  bankruptcy proceedings, after the Trustee has collected the funds

15  comprising the bankruptcy estate.  Moreover, to the extent that

16  the Vowells ask the Court to increase the amount of damages

17  imposed against Fidelis – by including their $2,286,479.57 claim

18  against IDM – this request is not properly before the Court and

19  Defendant Fidelis has had no chance to address their argument.

20      For all of these reasons, Plaintiff's motion to fix the

21  amount of IDM's debt, for which Fidelis bears successor

22  liability, at $1,053,438.49 is GRANTED.

23              2.   Personal Liability of Garcia

24      Plaintiff also asks the Court to find that "Garcia as well

25  as Fidelis [is] liable for repayment of [IDM's] debt."  Mot. at

26  8.  Plaintiff argues that the "alter ego doctrine applies to

27  prevent Garcia from using Fidelis to shield himself from

28  liability."  Mot. at 6.  Defendant Garcia responds that the Court

6

1    lacks jurisdiction over him because it has already entered

2    judgment in his favor, and that Plaintiff's alter ego argument is

3    foreclosed by the doctrine of res judicata.  Garcia Special Opp.

4    at 1; Garcia Opp. at 1.  Plaintiff replies that "[t]he issue of

5    Garcia's alter ego liability . . . was not pled or litigated."

6    Reply to Garcia at 2.

7         In its September 18, 2014 order, the Court specifically held

8    that "all the claims not discussed in either the Trustee's

9    proposed findings of fact and and conclusions of law or the

10   Trustee's supplemental post-trial brief are abandoned."  Fidelis

11   F & C at 9.  Immediately after finding that Fidelis bears

12   successor liability for IDM's debts, the Court noted that "[t]he

13   Trustee also seems to suggest that Mr. Garcia should be held

14   directly liable . . . but he fails to address alter ego

15   liability."  Fidelis F & C at 25.  The Court went on to order

16   that "judgment be entered in favor of . . . Jeffrey Garcia"

17   without limiting or qualifying this aspect of the order in any

18   way.  Fidelis F & C at 26.

19        The plain implication of this language is that Mr. Garcia is

20   not personally liable, under an alter ego theory of liability,

21   for the successor liability of Fidelis on behalf of IDM's debts.

22   Plaintiff had an opportunity to present evidence at trial to

23   support this argument in his proposed findings of fact and

24   conclusions of law, and failed to adequately do so.  In fact,

25   Plaintiff concedes that the portion of his proposed findings

26   which relates to successor liability "does not request alter ego

27   liability against Garcia."  Reply at 3.  In light of (1) the

28   Court's specific finding that arguments not made at the time of

                                    7

1  the trial would be deemed abandoned and (2) the Court's specific

2  finding that Plaintiff failed to address alter ego liability on

3  behalf of Mr. Garcia, Plaintiff's alter ego argument presently

4  before the Court is barred by the doctrine of res judicata.  See

5  Greenspan v. LADT, LLC, 191 Cal.App.4th 486, 514 (2010) (noting

6  that "[r]es judicata prohibits the relitigation of claims and

7  issues which have already been adjudicated in an earlier

8  proceeding").  Plaintiff's present motion amounts to an untimely

9  request for reconsideration of the Court's prior finding as to

10  Mr. Garcia.  Plaintiff has presented no compelling reason for the

11  Court to revisit its entry of judgment in favor of Mr. Garcia,

12  and the Court declines to give Plaintiff a second bite at the

13  apple.

14      Plaintiff's reliance on Greenspan is misplaced.  Reply to

15  Garcia at 4.  In Greenspan, the California appellate court

16  discussed the doctrine of res judicata with regard to an issue

17  that had not been considered in the original proceeding.  See

18  Greenspan, 191 Cal.App.4th at 507 (noting that the party seeking

19  to invoke the doctrine of res judicata "was not a party to that

20  claim [decided in the earlier proceeding] and did not prevail on

21  it").  Thus, the issue in Greenspan was whether the party seeking

22  to amend the judgment was precluded from doing so by its failure

23  to raise the issue in the earlier proceeding.  Greenspan, 191

24  Cal.App.4th at 514.  Here, the issue of Mr. Garcia's alter ego

25  liability was expressly reached and rejected by the Court in its

26  September 18, 2014 order.  Accordingly, res judicata is a bar to

27  Plaintiff's argument, as it "precludes a party to an action from

28  relitigating in a second proceeding matters litigated and

1   determined in a prior proceeding."  Greenspan, 191 Cal.App.4th at

2   514.

3        To the extent that Plaintiff's motion seeks a finding that

4   Garcia is personally liable for the repayment of Fidelis' and

5   IDM's debt, his motion is DENIED.  As the Court does not find Mr.

6   Garcia personally liable for the debts of Fidelis and IDM, it

7   need not consider Defendant Garcia's argument that the entry of

8   judgment in his favor divests the Court of jurisdiction over him.

9   Garcia Special Opp. at 1.

10

11                          III.   ORDER

12       For the reasons set forth above, the Court GRANTS

13  Plaintiff's motion to the extent it seeks to fix the amount of

14  damages against Defendant Fidelis at $1,053,438.49, and DENIES

15  Plaintiff's motion to the extent it seeks to hold Defendant

16  Garcia personally liable for the debts of Fidelis and IDM:

17       IT IS SO ORDERED.

18  Dated: March 2, 2015

19

20                              JOHN A. MENDEZ,
                                UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28